**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 19, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JOHN ALLEN RICKS,

    Plaintiff - Appellant,

v.

MATTHEW R. SPIVEY; ERICA
ENGLERT; HOLLY SNEAD;
JARED POLIS,

    Defendants - Appellees.

No. 24-1348
(D.C. No. 1:24-CV-01850-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Prisoners can generally file two kinds of actions related to their imprisonment: a habeas action and a civil rights action. The two actions bear different functions. Habeas actions are designed to challenge a conviction or sentence; civil rights actions are designed to obtain

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and Mr. Ricks's written material. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

monetary, declaratory, or injunctive relief for past violations. *Preiser v. Rodriguez*, 411 U.S. 475, 494, 499 (1973). But when relief in a civil rights action would necessarily imply the invalidation of a conviction, the prisoner must generally obtain habeas relief (or some other remedy invalidating the conviction) before obtaining relief in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

This requirement hamstrung Mr. John Allen Ricks when he sued for constitutional violations surrounding his conviction. In his civil rights action, Mr. Ricks alleged that the state district court had lacked jurisdiction, that his criminal attorney had been ineffective, and that the Uniform Commercial Code had been illegal. The district court dismissed the action, reasoning that

- these claims would necessarily imply the invalidity of his conviction and

- Mr. Ricks has not obtained invalidation of his conviction through a writ of habeas corpus or some other remedy like expungement.

Mr. Ricks appealed, but he didn't say how the district court had erred.

He instead submitted annotations of a Supreme Court opinion, *Heck v. Humphrey*. These annotations include suggestions that

- the opinion doesn't apply to challenges involving a state court's statutory jurisdiction and

- a state court had failed to rule on some of his claims.

2

Even if we were to credit these suggestions, however, Mr. Ricks hasn't said how the district court erred. We thus affirm the dismissal.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]    We grant Mr. Ricks's motion for leave to proceed in forma pauperis.